## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CURT BYRD,<br>#131190<br>       Petitioner,<br><br>vs.<br><br>LEON FORNISS, Warden, et al.,<br><br>       Respondents. | )<br>)<br>)<br>)   CIVIL ACTION NO.<br>)   1:07-cv-1026-WKW<br>)<br>)<br>)<br>) |

## ANSWER

Come now the Respondents, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on January 8, 2008.

## PROCEDURAL HISTORY

The petitioner, Curt Byrd, pleaded guilty to third-degree burglary in the Dale County Circuit Court on March 18, 1982. (Ex. A, p-6) The court gave Byrd a two-year sentence on that same date. (Ex. A, p-6) Byrd admitted that he did not appeal from the judgment entered on the guilty plea. (Byrd's Habeas Petition, p- 3)

Byrd filed a Petition For Relief Pursuant To Rule 32 of the <u>Alabama Rules of Criminal Procedure</u> in the Dale County Circuit Court on February 5, 2007. (Ex. B, p-3) On March 6, 2007, the circuit court denied relief on the petition. (Ex. B, p-1) The Alabama Court of Criminal Appeals affirmed the trial court's denial of the petition on August 24, 2007. <u>Byrd v. State</u>, CR-06-1076 (Ala. Crim. App. Aug. 24, 2007) (Mem. op.). (Ex. E) The Supreme Court of Alabama denied Byrd's petition for writ of certiorari on November 9, 2007, and the Certificate of Judgment was entered on November 14, 2007. (Ex. F and G).

## ISSUES RAISED IN THE FEDERAL HABEAS PETITION

1)   "At a guilty plea hearing, the State fails its <u>mandatory duty</u> to inform an age eligible defendant of the provisions of Alabama's Youthful Offender Act, does this failure to do create a <u>manifest injustice</u> under R<u>ule 14.4(e) Alabama Rules of Criminal Procedures</u>."

2)   "Should <u>Gordon vs. Nagel,</u> 647 So.2d 91 (Ala. 1994) be overruled due to the creation of <u>Rule 14.4(e) Alabama Rules of Criminal Procedures</u>."

3)   "Can a <u>manifest injustice</u> committed by the trial court be considered time barred:  When the court fails a <u>mandatory duty</u> that is imposed and madated by a legislative act."

2

## CLAIMS RAISED ON DIRECT APPEAL

Byrd did not appeal from the judgment entered on the guilty plea.


## CLAIMS RAISED ON APPEAL OF RULE 32 PETITION

1)    His guilty plea was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea because:

    a)    The trial court had a mandatory duty to inform him that he was eligible for consideration as a youthful offender;

    b)    The trial court failed to inform him of his right to apply for consideration as a youthful offender;

    c)    The plea he entered and the sentence imposed by the trial court were clearly illegal and void because the trial court did not inform him of the right to apply for consideration as a youthful offender;

(Ex. B, pp- 10, 17)

2)    The circuit judge should have recused himself because he was the judge who failed to inform Byrd of the right to seek youthful offender consideration and would have to testify regarding his failure to advise Byrd of the right to seek youthful offender treatment.

(Ex. B, p- 27)

3

## EXHAUSTION OF CLAIMS RAISED
## IN THE FEDERAL HABEAS PETITION

### (A)

### EXHAUSTED CLAIMS

Claims 1 and 2 were raised in Byrd's application for rehearing. Claim 3 was raised in Byrd's petition for writ of certiorari filed in the Supreme Court of Alabama.

### (B)

### UNEXHAUSTED CLAIMS

None of Byrd's claims are unexhausted.

## THE PERIOD OF LIMITATION ON HABEAS CASES
## PRECLUDES REVIEW OF BYRD'S CLAIMS.

The claims raised in Byrd's federal petition are precluded from review because Byrd filed the petition after the one-year limitation period expired.

In the Anti-Terrorism and Effective Death Penalty Act of April 24, 1996 (AEDPA), Congress amended 28 U.S.C. §2244 and instituted a one-year limitation period in which to bring a federal habeas corpus petition. The amendment states:

4

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented form filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Byrd entered his guilty plea on March 18, 1982.  Under state procedural rules, Byrd had 42 days to file a written notice of appeal under Rule 4 of the Alabama Rules of Appellate Procedure, which provides:

**(b) Appeals in Criminal Cases.**

(1) *Circuit Court.* In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a) (2).

5

Because Byrd did not file a notice of appeal, the conviction then became final after the 42-day period expired and the conviction was no longer pending in state court.

Although Byrd's conviction became final before ADEPA became effective on April 24, 1996, he still had a one-year grace period to file his petition under ADEPA. *See Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir.1998) ("a reasonable period is until April 23, 1997-one year from the date of enactment of § 105 of the AEDPA."). Thus, his federal petition should have been filed on or before April 23, 1997. Id. at 1337. Byrd did not file his federal petition until November 20, 2007. Consequently, his petition is precluded from review by the limitation period.

### IN ADDITION TO BEING TIME-BARRED, BYRD'S CLAIMS ARE PRECLUDED FROM REVIEW BECAUSE THEY DO NOT RAISE ANY FEDERAL CONSTITUTIONAL QUESTIONS.

In his Rule 32 petition, Byrd alleged that his guilty plea was involuntary because he was not informed of his right to seek youthful offender treatment before he entered the plea. In this federal petition, however, Byrd does not raise that exact claim. Instead, he challenges the correctness of the states court's application of state law to the facts of his case. He also asks this Court to vacate the state court's

6

decision in *Gordon v. Nagle, 647 So.2d 91 (Ala. 1994),* on the ground that it

conflicts with Rule 14.4 of the <u>Alabama Rules of Criminal Procedure</u>. Finally, he

asks this Court to determine if a claim of manifest injustice can be denied as time-

barred under state procedural rules. Byrd is not entitled to any federal review of

these issues because a habeas court sits only to review federal constitutional

questions, and do not sit to review issues of state law.

"[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle*

*v. McGuire, 502 U.S. 62, 67(1991).* "Today, we reemphasize that it is not the

province of a federal habeas court to reexamine state-court determinations on state-

law questions. In conducting habeas review, a federal court is limited to deciding

whether a conviction violated the Constitution, laws, or treaties of the United

States." <u>Id</u>. at 67-68. "A state court's interpretation of its own laws and rules are

not grounds for relief in a federal habeas proceeding." *Pulley v. Harris,* 465 U.S.

37, 41 (1984*); Beverly v. Jones,* 854 F.2d 412 (11th Cir.1988). "In a federal

habeas corpus proceeding, a federal court is bound by the state court's

interpretation of a state criminal statute." *Garcia v. Perringer,* 878 F.2d 360,

361(11th Cir.1989), citing *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir.

Unit B 1981). "This court is bound by the determination of the Alabama courts that

no state law violation has occurred." *Walton v. Attorney General of State of Ala.,*

986 F.2d 472, 475 (11th Cir. 1993). "Questions of pure state law do not raise issues

of constitutional dimension for federal habeas corpus purposes." *Carrizales v. Wainwright,* 699 F.2d 1053, 1054-1055 (11th Cir. 1983*)*. "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Id.

Byrd cannot obtain review on the claims raised in his federal petition because the claims raise only questions regarding the correct application of state law to deny him relief on procedural grounds in his Rule 32 petition. Accordingly, this Court should deny relief in this petition because Byrd has raised no claims on which federal habeas corpus relief can be granted.

Whereas Respondents have shown that Byrd is not entitled to relief on his claims, this petition should be denied.

## EXHIBITS

1) Case Action Summary Sheets, Exhibit A;

2) Rule 32 transcript, Exhibit B;

3) Byrd's brief filed on appeal, Exhibit C;

4) State's brief filed on appeal, Exhibit D;

5) Memorandum opinion, Exhibit E;

6) Denial of Petition for Writ of certiorari; F

7) Certificate of Judgment, G.


Respectfully submitted,

Troy King
*Attorney General*


s/James B. Prude
James B. Prude (PRU005)
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2008, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service a copy of the Answer (including exhibits) to the following non-CM/ECF participant: Curt Byrd, AIS #131190, Staton Correctional Facility, P.O. Box 56, Elmore, Al 36025.

> s/James B. Prude
> James B. Prude (PRU005)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  JPrude@ago.state.al.us

372583/117176-001

| State of Alabama<br>Unified Judicial System<br>Adm. Office of Courts<br>Form C-6 Rev 8/77 | | **CASE ACTION SUMMARY**<br>**(CRIMINAL)** | | | — Case Number<br><br>CC 82 57<br>ID  VR  Number |
|---|---|---|---|---|---|

IN THE CIRCUIT CRIMINAL COURT OF DALE COUNTY

| STATE OF ALABAMA<br>vs. | Date of Birth<br>03-01-62 | Distinguishing Features: |
|---|---|---|

| | | | | SSAN | | | | |
|---|---|---|---|---|---|---|---|---|

| Defendant<br><br>Curt Byrd | Address CC-82-57<br><br>Rt. 4, Box 511<br>Enterprise, AL 36330<br>Zip | Sex | Race | Eyes | Hair | Height | Wei |
|---|---|---|---|---|---|---|---|

| | | Date War/Cap. Issued<br>01-07-82 | Date Committed to J<br>11-23-81 |
|---|---|---|---|

| Employer | Address | Date Initial Appearance Date Released on Bon<br>11-24-81 |
|---|---|---|

| Case Number<br>CC-82-57 | Jury<br>Non-Jury | Date Arrested<br>12-23-81 | Incarcerated<br>On Bond | Bond Amount<br>$1,000.00 | Bond Type & Sureties<br>Personal |
|---|---|---|---|---|---|

| Charges ☐Msd ☒Fel. ☐App.<br><br>Burglary - Third<br>Degree<br><br>DC-81-970 | Prosecutor<br>Ed. W. Boswell | Judge ID | Dt. Prelim. Hearing |
|---|---|---|---|

| | Attorney<br>Warren Rowe<br>P.O. Box 150<br>E'prise, Ala. 36331 | Dt. Y.O. Applic. | Dt. Probation Applic |
|---|---|---|---|

Grand Jury No. #37 — Dt. Indictment 01-07-82

Dt. Arraignment — Plea

| Arresting Officer:<br>Wayne Grant | ☐ Municipal ☐ State<br>☒ County ☐ Conservation | Dt. Trial | Dt. Sentenced |
|---|---|---|---|

| Complainant:<br>Wayne Grant | Address | Dt. Appeal Filed | Appeal Bond Amt. |
|---|---|---|---|

| Additional Information And Remarks: | Disposition |
|---|---|

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 2/2/72 | [handwritten] Mr. Warren Rowe appt. atty D. to be arraigned at [handwritten] later, trial — |
| 3/3/92 | [handwritten] Continued for D - Warren Rowe is atty. is in Court |
| 3/17/72 | [handwritten] D. pleads guilty as charged in the indictment - on [handwritten] plea of guilt the court finds the D guilt + adjudge [handwritten] the deft. guilt + sentence the D to 2 years to [handwritten] state Pen. |

EXHIBIT
A
PENGAD-Bayonne, N.J.

| State of Alabama Unified Judicial System | | | | | FEE SHEET (CRIMINAL) | | | | | | Case Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Form C-9 Rev 8/77 | | | | | | | | | | | 28-81-278 RV |
| | | | | | | | | | | | ID   YR   Number |

**STATE OF ALABAMA VS.**   CURT BYRD   CC - 82 - 57

| I. Criminal Fee Summary | Date | Date | Date | Date | Summary Continuation | | Date | Date | Date | D |
|---|---|---|---|---|---|---|---|---|---|---|
| | Amt. | Amt. | Amt. | Amt. | | | Amt. | Amt. | Amt. | A |
| 1. Docket (Filing) Fee | | | | | 6. Pub. Law Lib. Tax | | | | | |
| Misdemeanor ($35) | | | | | 7. Fines | | | | | |
| Dist. Fel. P.G. ($77) | | | | | 8. Lower Court Costs | | | | | |
| Felony ($77) | | | | | | | | | | |
| 2. Prelim. Hearing ($10) | | | | | | | | | | |
| 3. Service Fees | | | | | | | | | | |
| Witness Subp. ea. ($2) | | | | | | | | | | |
| Forf. ($5 ea. over 1) | | | | | 9. Other_____ | | | | | |
| | | | | | | | | | | |
| 4. Bond Forf. ($15) | | | | | | | | | | |
| 5. Wit. Fees (.75/da., .05/mi) | | | | | | TOTAL COSTS | | | | |

| II. Case Receipts/From | Date Received | Receipt Number | Amount Received | Balance Due |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | TOTAL | $ | ☐ Continued |

| III. Disbursements/Paid To | Date Paid | Check Number | Amount Paid | Item Paid |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | TOTAL | $ | ☐ Continued |

| IV. Witnesses/Name | FOR S/D | Iss. | Exec | Iss. | Exec | Days | Mile | Cert. Number | Cert. Amount |
|---|---|---|---|---|---|---|---|---|---|
| Wayne Grant | S | 12/15/81 | 12/16/81 | 2/9/82 | 3/15/82 | | | | |
| Jack Grantham | S | " | " | " | " | | | | |
| Terry Duane Allums | S | " | 12/11/81 | " | 4/2/82 | | | | |
| Samuel M. Dupreast | S | " | " | " | 3/17/82 | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | ☐ Continued | | | | | | TOTAL | $ |

| V. Executions/Against/For | Total Amount | Date Paid | Date Del. To Sher. | VI. Sheriff's Return |
|---|---|---|---|---|
| | | | | |
| | | | | |

ACJIC-34 Rev. 5/77

## ALABAMA UNIFORM ARREST REPORT

| 1. SID NO. | 2. FBI NO. | 3. Contributor's ORI | 4. Agency Name | 5. Agency Case No. |
|---|---|---|---|---|
| | | AL 0 2 6 0 0 0 0 | Dale Co S O | |

| 6. Last Name | First | Middle | 7. Alias AKA |
|---|---|---|---|
| Byrd | Curt | | |

| 8. SEX | 9. RAC | 10. HGT | 11. WGT | 12. EYE | 13. HAI | 14. SKN | 15. Scars, Marks, Tattoos and Amputations | SMT |
|---|---|---|---|---|---|---|---|---|
| M | w/n | 5 Ft 10 In. | 180 | Blu | Bro | med | | |

| 16. Place of Birth (City-Town-County) POB | 17. State | 18. Social Sec. No. SOC | 19. Date of Birth DOB Month Day Year | 20. Miscellaneous No. (Indicate |
|---|---|---|---|---|
| Verdon, France | | 4 1 7 8 8 7 2 0 0 | 0 5 01 6 2 | |

21. Fingerprint Class (Leave Blank) FPC
HENRY CLASS H Y Key Major Primary Secdy. Sub-Secondary Final
NCIC CLASS

22. Identification Comments ICO

| 23. Home Address Street | City-Town-County | State | 24. Res. Phone | 25. Occupation (Be Specific) |
|---|---|---|---|---|
| Rt 4 Box 511 | E'prise, Al | | 347-5484 | unp |

| 26. Employer (Name of Company or School) | 27. Business Address (Street-City-State) | 28. Bus. Ph |
|---|---|---|
| none | | |

| 29. Location of Arrest (Street-City-State) | 30. Sector Number | 31. Arrested for your Jurisdiction? |
|---|---|---|
| home address | | ☑ Yes ☐ Other Ala. Agency ☐ Out-of-Stat |

| 32. Condition of Arrestee | 33. Resist Arrest? | 34. Injuries? | 35. Armed? | 36. Description of Weapon |
|---|---|---|---|---|
| ☐ 1. Drunk ☐ 3. Narcotic ☐ 2. Drinking ☑ 4. Sober | ☐ Yes ☑ No | ☐ Officer ☐ Arrestee | ☐ Yes ☑ No | |

| 37. Date of Arrest DOA Month Day Year | 38. Time of Arrest | 39. S T T S M W F | 40. Type Arrest | 41. Arrested Before? |
|---|---|---|---|---|
| 1 12 8 | 11:00 am | M | ☐ On-View ☐ Call ☐ Warrant | ☐ Yes ☐ No ☐ Unk. |

| 42. Charge - 1 | AOL | A. Offense Date DOO | 49. Charge - 2 | AOL | A. Offense Date |
|---|---|---|---|---|---|
| Burglary 3rd degree | | 1 12 8 | | | |

| 43. NCIC Code AON 144 | | B. Time of Offense | 48. NCIC Com AON | 50. | B. Time of Of |
|---|---|---|---|---|---|
| ☐ Misd. ☑ Felony | | 11:00am | | ☐ Misd. ☐ Felony | |

| 45. State Statute Citation CIT | 46. Warrant No. | 47. Date Issued | 51. State Statute Citation CIT | 52. Warrant No. | 53. Date Issued |
|---|---|---|---|---|---|
| | | | | | |

| 54. Charge - 3 | | A. Offense Date DOO | 60. Charge - 4 | | A. Offense Date |
|---|---|---|---|---|---|
| | | | | | |

| 55. NCIC Code AON 56. | | B. Time of Offense | 61. NCIC Code AON 62. | | B. Time of Of |
|---|---|---|---|---|---|
| ☐ Misd. ☐ Felony | | | ☐ Misd. ☐ Felony | | |

| 57. State Statute Citation CIT | 58. Warrant No. | 59. Date Issued | 63. State Statute Citation CIT | 64. Warrant No. | 65. Date Issued |
|---|---|---|---|---|---|
| | | | | | |

| OBTS No. | 66. Arrest Disposition ADN | 67. If out on Release, what type? | 68. Additional Arrest Disposition A |
|---|---|---|---|
| A- 1388128 | ☐ 1. Held ☐ 2. Reld. ☐ 3. TOT-LE ☐ 4. Bail ☐ 5. TOT-W ☐ 6. REF-JUV ☐ 7. Other | | |

| 69. Arrested with (1) Accomplice Full Name | 70. Arrested with (2) Accomplice Full Name |
|---|---|
| Jeffery, Holland | Robert Setzer |

| 71. Veh. Yr | 72. Vehicle Make | 73. Veh. Mod. | 74. Style | 75. Color (Top) (Bottom) | 76. Tag No. | 77. State |
|---|---|---|---|---|---|---|
| 71 | Ford | Galx | 2 dr | purple / purple | | Al |

| 79. V.I.N. | 80. Impounded? | 81. Location |
|---|---|---|
| | ☐ Yes ☐ No | Dale Co Jail |

82. Other Evidence Seized (Court Papers in Arrestee's Possession?)

83. Circumstances Leading to, or Resulting in, Arrest. Include Disposition of Items Seized. (Describe Briefly)

Continue on Back

| 84. Arresting Officer - 1 (Last Name First-Middle) | 85. Code No. | 86. Arresting Officer - 2 (Last Name First-Middle) | 87. Cod |
|---|---|---|---|
| Frankie Lindsey | 2202 | C. W. Grant | 260 |

**INDICTMENT**

THE STATE OF ALABAMA     CIRCUIT COURT, ____January____ " ____ TERM 19 82____

DALE COUNTY           At Ozark, Alabama

    The Grand Jury of said County charge that before the finding of this indictment

that ............

    Curt Byrd did, knowingly enter or remain unlawfully in
a building of Samuel M. Dupreast (167 Grocery Store)
with intent to commit a crime therein to-wit:
Theft of Property, in violation of Title 13A-7-7 of
the Code of Alabama,

against the peace and dignity of the State of Alabama

*Edward M Baxwell*

<u>District Attorney of the 33rd Judicial Circuit</u>

CAPIAS.

ROBERTS & SON, BIRMINGHAM

**THE STATE OF ALABAMA**
DALE COUNTY

No. _Dq # 37_

## To Any Sheriff of the State of Alabama—Greeting:

An Indictment having been found at the _____ Term, 19 _82_

of the Circuit Court of Dale County against _Curt Byrd_

for the offense of _Burglary ~ Alisa Depue_

You are therefore commanded forthwith to arrest the said _Curt Byrd_

and commit _him_ to jail, unless _he_ gives bail to cover such Indictment, and that you return this writ according to law.

Witness, _my hand_, Clerk of the Circuit Court of Dale County,

this the _7th_ day of _Jan._, 19 _82_

_Lennie Childs_, Clerk

| State of Alabama<br>Unified Judicial System<br><br>Form C-44 Rev 2/79 | **EXPLANATION OF RIGHTS AND**<br>**PLEA OF GUILT**<br>**(AFTER INDICTMENT)** | **Case Number**<br><br>CC-82-57<br>ID  YR  Number |
|---|---|---|

IN THE ___Circuit_____ COURT OF ___Dale_____ COUNTY

STATE OF ALABAMA                              vs  Curt Byrd

**TO THE ABOVE NAMED DEFENDANT:**

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of ___Burglary 3rd___ which is a felony offense. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than ____1 yr._____ nor more than ___10 yrs.___ for such offense.

Under the constitutions of the United States and of the State of Alabama you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you desire, but no one can require you to so testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case your attorney could subpoena witnesses on your behalf, make legal objections to matters the felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty there will be no jury trial, as has been heretofore explained to you.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will make further explanation thereof to you.

___3/18/82___                                    ___[signature]___
DATE                                             JUDGE

Comes the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.

___March 18, 1982___                             ___Curt Byrd___
DATE                                             DEFENDANT

Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given to the defendant for him to keep, use and study.

___March 18, 1982___                             ___Warren Rowe___
DATE                                             ATTORNEY

Filed in Office This Date:                       ___[signature]___          By:
___3/18/82___                                    CLERK

# TRANSCRIPT of RECORD

(Conviction Report)

State of Alabama
Board of Corrections
Form No. 62 Rev. 10/77

Penitentiary - Send to
Board of Corrections

**Case Number**

| CC | 82 | 57 |
|----|----|----|
| ID | YR | NUMBER |

In The **CIRCUIT CRIMINAL** Court Of **DALE** County

STATE OF ALABAMA
vs.

Court ORI **026015**

SID No.

| NAME/ ALIASES | **CURT BYRD** | OBTS No. |
|---|---|---|

AIS No. (leave blank)

**INMATE DESCRIPTION**

| DOB 3/1/62 | Sex [X] M [ ] F | Height 5'10" | Weight 180 | Hair Color Brown | Eye Color Blue |
|---|---|---|---|---|---|
| Race [X] W [ ] N [ ] Other (specify) | Complexion Med. | Age (if DOB missing) 20 | Distinguishing Features or Marks None | | |

**CHARGES**

| On Arrest: Burglary in third degree. | On Indictment: Burglary in third degree. | On Conviction: Burglary in third degree. | Youthful Offender (Act 335-72) [ ] Yes [X] No |
|---|---|---|---|
| Date Original Arrest: 11/23/81 | | | |

**COURT INFORMATION**

| Judge ID No. 010433 | Judge Name Judge P. B. McLauchlin, Jr. | Prosecuting Attorney Name Edward W. Boswell |
|---|---|---|

**TRIAL INFORMATION**

| Arraignment: WAIVED | Date: | Plea: [X] GUILTY [ ] NOT GUILTY | Trial: [ ] Jury [X] Non-Jury |
|---|---|---|---|
| Judgement: [X] Guilty | [ ] Non Guilty | [ ] Nolle-Prossed [ ] No Bill | Opportunity for allocution given: [X] Yes [ ] No |

**APPEAL INFORMATION**

| Case Appealed: [ ] Yes [X] No | Date: | Sentence Suspended: Date: Pending Appeal - [ ] Yes [ ] No | Sentence Affirmed: Date: [ ] Yes | Date Rearrested: |
|---|---|---|---|---|

**PROBATION INFORMATION**

| Applied for: [ ] Yes [X] No | Date: | Granted: [ ] Yes [ ] No | Date: | Rearrested: [ ] Yes [ ] No | Date: | Revoked: [ ] Yes [ ] No | Date: |
|---|---|---|---|---|---|---|---|

**SENTENCE INFORMATION**

| Term of Confinement YR 2 MO DA | Act 754-76 [ ] Yes [X] No | Probation Term (if Act 754) YR MO DA | Jail Credit Ordered (Act 677-76) | | |
|---|---|---|---|---|---|
| Date Sentenced: 3/18/82 | Date Sentence Begins 3/18/82 | Fine: | YR MO DA 2 | [ ] None | |

**CONCURRENT SENTENCE INFORMATION**

| [ ] Concurrent with Alabama Cases | Case Nos. and Counties: | [ ] Concurrent with Federal Case - in Federal Facility (Act 86-75) Federal Case Nos. |
|---|---|---|

**REMARKS AND OTHER INFORMATION (CONTINUE ON REVERSE SIDE IF NEEDED)**

Corum Nobis Filed: [ ] Yes [X] No    DENIED: [ ] Yes [ ] No

3/18/82 - Def. pleads guilty as charged in the indictment. The court finds the def. guilty and sentences him to 2 years to the state pen.

This is to certify that the above information was extracted from official court records and is true and correct according to the record.

(Affix Court Seal)

March 22, 1982
Date

Louise Childs
Print or Type Name of Clerk

COURT OF CRIMINAL APPEALS NO. _____ CR-06-1076

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

**CIRCUIT COURT OF** _____ DALE _____ **COUNTY, ALABAMA**

**CIRCUIT COURT NO** _____ CC-1982-57.60 _____

**CIRCUIT JUDGE** _____ HON. P.B. MCLAUCHLIN, JR. _____

Type of Conviction/ Order Appealed From: _____ RULE 32 _____

Sentence Imposed: _____ PETITION DISMISSED _____

Defendant Indigent: ☑ YES ☐ NO

## Curt Byrd

### NAME OF APPELLANT

PRO-SE
_____
(Appellant's Attorney)                    (Telephone No.)
AIS#131190
_____
(Address)
ELMORE          Al.36025
_____
(City)          (State)          (Zip Code)

### v.
## STATE OF ALABAMA

### NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df
_____
_____

(For Court of Criminal Appeals Use Only)



PENGAD-Bayonne, N J

EXHIBIT
B

INDEX

CASE ACTION SUMMARY ------------------------------------------------------------------ 01

PETITION FOR RELIEF FROM SENTENCING PURSUANT TO RUILE 32 ---------------- 02-23

MOTION TO DISMISS DEFENDANT'S PETITION                              24-25

INFORMAL NOTICE OF APPEAL ------------------------------------------------------ 26

MOTION TO RECUSE ------------------------------------------------------------------ 27

MOTION TO RECONSIDER ------------------------------------------------------------ 28

FORMAL NOTICE OF APPEAL -------------------------------------------------------- 29

FORMAL ORDER -------------------------------------------------------------------------- 30-31

CERTIFICATE OF COMPLETION & TRANSMITTAL OF RECORD ON APPEAL BY
    TRIAL CLERK ------------------------------------------------------------------------ 32

```
'O3 . 2           ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1982 000057.60
R: SHS                     CASE ACTION SUMMARY
E:   1                      CIRCUIT   CRIMINAL                 RUN DATE: 02/08/2007
=========================================================================================
 THE CIRCUIT COURT OF    DALE
                                                                            JUDGE: PBM
ATE  OF  ALABAMA                    VS      BYRD CURT
                                            AIS# 131190
BE: CC 1982 000057.60                       P.O. BOX 56
                                            ELMORE, AL  36025 0000

B: 00/00/0000          SEX:     RACE:     HT: 0 00  WT: 000   HR:      EYES:
N: 999999999  ALIAS NAMES:
=========================================================================================
ARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
FENSE DATE:                          AGENCY/OFFICER:
TE WAR/CAP ISS:                      DATE ARRESTED:
   INDICTED:                         DATE    FILED: 02/08/2007
TE RELEASED:                         DATE  HEARING:
ND    AMOUNT:           $.00         SURETIES:
TE 1:              DESC:              TIME: 0000
TE 2:              DESC:              TIME: 0000

ACKING NOS:                  /                          /

 DEF/ATY:                              TYPE:
                                                                        TYPE:
                      00000                            00000
SECUTOR: ADAMS THOMAS KIRKE
```

```
=========================================================================================
R  ):   000000000000 CHK/TICKET NO:                    GRAND JURY:
R  EPORTER:                     SID NO:      000000000
 STATUS: PRISON                 DEMAND:
                                                            OPER: SHS
E         ACTIONS,  JUDGEMENTS,  AND  NOTES
=========================================================================================
```

| | |
|---|---|
| 2/9/07 | Serve D. A - 30 days to answer. *PB* |
| 3/6/07 | This cause coming on to be heard & submitted for a ruling on the motion to dismiss filed by the State + the pleading + the court having considered the same, and the Court finds a failure; the |
| | The ground jury determined + arguned of the State as set out in its motion + response are well taken. |
| | Motion to dismiss is hereby granted. |
| MAR 0 6 2007 | Petition dismissed. *PB*  c/: DA/Def |

1

IN THE CIRCUIT COURT
OF DALE COUNTY

CURT BYRD, pro-se,    *
   PETITIONER,   *
          *
          *
VS.          *   CASE NO. CC-1982-57*60
          *
          *
STATE OF ALABAMA,    *
DALE COUNTY,      *
   RESPONDENTS.   *

## PETITION FOR RELIEF FROM
## SENTENCING PURSUANT TO RULE 32

Petitioner Curt Byrd, brings this action pursuant to Rule 32 et.seq., Alabama Rules of Criminal Procedures, and submitts the following for this Honorable Court's consideration.

## INTRODUCTION

This Petition is concerning a 1982 conviction from this Honorable Court. Petitioner was Indicted for Burglary 3 rd. in violation of Title 13A-7-7, Code of Alabama 1975. The Petitioner was Indicted in the Jan. 1982 term of the Grand Jury. March 18, 1982 the Petitioner entered a plea of guilt and thereupon was sentenced to a term of Two (2) years, no Appeal was taken, nor was probation granted.

## ISSUES PRESENTED FOR REVIEW

1.) THIS HONORABLE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE THE SENTENCE.

2.) THIS HONORABLE COURT HAD A MANDATORY DUTY TO INFORM ALL AGE ELLIGIBLE DEFENDANTS OF THE PROVISIONS OF ALABAMA'S

YOUTHFUL OFFENDER ACT; CODE OF ALABAMA 1975, SECTION 15-19-1.

3.) THE PLEA ENTERED BY THE PETITIONER IS UNCONSTITUTIONAL AND THE SENTENCE IMPOSED BY THE COURT IS CLEARLY ILLEGAL, AND MUST BE HELD VOID.

4.) THE PLEA ENTERED BY THE PETITIONER WERE INVOLUNTARY AND MUST BE HELD VOID. THE TRIAL COURT FAILED TO INFORM HIM OF HIS RIGHTS TO APPLY FOR CONSIDERATION'S OF ALABAMA'S YOUTHFUL OFFENDER ACT.

5.) THE PLEA ENTERED BY PETITIONER WAS CONSTITUTIONALLY INFIRM, THE TRIAL COURT FAILED TO ADVISE HIM OF THE SAFEGUARDS OF THE YOUTHFUL OFFENDER ACT, CODE OF ALABAMA 1975, SECTION 15-19-1. AND THE PLEA ENTERED BY THE PETITIONER MUST BE HELD VOID, AND IS CLEARLY ILLEGAL, AND MUST BE SET ASIDE.

## RELIEF SOUGHT

Petitioner has presented meritorious claims to this Honorable Court, i.e. Jurisdictional Claims, which cannot be barred. Petitioner contends this Court should hold an Evidentiary Hearing, and after such Hearing, Grant this Petition, and VOID the conviction of Burglary 3rd, and VOID Petitioners plea entered on March 18, 1982.

## CONCLUSION

Wherefore, the Petitioner respectfully submitts an attached Memorandum of Law and Brief in Support of the Rule 32 Petition, and prays this Honorable Court will take appropriate action in this matter.

RESPECTFULLY SUBMITTED,

SWORN TO AND SUBSCRIBED TO ME THIS THE _____ 2 ____ DAY OF ____ Jul ____,
2007

NOTARY PUBLIC

3

ID   YR   NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

*Circuit Court of Dale County*

[Insert appropriate court]

*Curt Byrd*

(Petitioner)

vs.

*State of Alabama*

(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _Curt Byrd_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?     Yes _____     No ✓

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____     No ✓

   b. Rent payments, interest, or dividends?

   Yes _____     No ✓

   c. Pensions, annuities, or life insurance payments?

   Yes _____     No ✓

   d. Gifts or inheritances?

   Yes _____     No ✓

   e. Any other sources?

   Yes _____     No ✓

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No __✓____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No __✓____

If the answer is "yes", describe the property and state its approximate value.

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ____2/02/07____
                    (Date)

_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ institution:

____No Funds Available____

__Petitioner has been incarcerated for over__

__23 years.__

_____
DATE

_____
AUTHORIZED OFFICER OF INSTITUTION

5

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
## Alabama Rules of Criminal Procedure)

Case Number

|  | ID | YR | NUMBER |

IN THE ___*Circuit*___ COURT OF ___*Dale*___, ALABAMA

___*Curt Byrd*___ vs. ___*State of Alabama*___
Petitioner (Full Name)                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number ___*131190*___ Place of Confinement ___*Staton*___

County of conviction ___*Dale*___

## NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY
## THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack ___*Dale County, Ozark, Alabama*___

2. Date of judgment of conviction ___*March 18, 1982*___

3. Length of sentence ___*2 years*___

4. Nature of offense involved (all counts) ___*Burglary 3rd*___

5. What was your plea? (Check one)
   (a) Guilty ___✓___
   (b) Not guilty _____
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect

6

Kind of trial: (Check one)

(a)  Jury _____          (b)  Judge only _____ ✓

7.  Did you testify at the trial?

Yes _____          No _____ ✓

8.  Did you appeal from the judgment of conviction?

Yes _____          No _____ ✓

9.  If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____        No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No _____

(5)  Result _____

(6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

(1)  Name of court _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No _____

(5)  Result _____

(6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1)  Name of court _____

8

    (2)   Nature of proceeding _____ )_____

    (3)   Grounds raised _____

_____

_____

_____

_____

    (attach additional sheets if necessary)

  (4)   Did you receive an evidentiary hearing on your petition, application, or motion?

       Yes _____          No _____

  (5)   Result _____

  (6)   Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

    (1)   First petition, etc.     Yes _____         No _____

    (2)   Second petition, etc.    Yes _____       No _____

    (2)   Third petition, etc.     Yes _____        No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

✓    A.   <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

        For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B.  <u>The court was without jurisdiction to render the judgment or to impose the sentence.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.  <u>The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.  <u>Petitioner is being held in custody after his sentence has expired.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E.  <u>Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:</u>

<u>The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and</u>

<u>The facts are not merely cumulative to other facts that were known; and</u>

10

<u>The facts do not merely amount to impeachment evidence; and</u>

<u>If the facts had been known at the time of trial or sentencing, the result would probably have been different; and</u>

<u>The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  <u>The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No _____

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____
(attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

11

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea ___ _Warren Rowe_____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No __✓____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __✓____

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) And give date and length of sentence to be served in the future: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __✓____

18. What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

12

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____

DALE COUNTY, AL

FEB - 5 2007

MARY BLUDSWORTH
CIRCUIT CLERK

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the ___ day of _____ 2007

_____
Notary Public

## OR *

# ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____
                              (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

13

IN THE CIRCUIT COURT
OF DALE, COUNTY


CURT BYRD,
          PETITIONER

VS.                                    CASE NO. CC-1982-57

STATE OF ALABAMA,
DALE COUNTY,
          RESPONDENTS.




BRIEF IN SUPPORT
OF RULE 32 PETITION




IN REPRESENTATION OF
HIMSELF THE PETITIONER



FILED
DALE COUNTY, AL

FEB - 5 2007

MARY BLUDSWORTH
CIRCUIT CLERK

## TABLE OF CONTENTS

PAGE

TABLE OF CASES,...................................... 2

TABLE OF AUTHORITIES,............................... 3

ISSUES PRESENTED FOR REVIEW,........................ 3

INTRODUCTION TO ARGUMENT,........................... 4

ARGUMENT,.......................................... 5 - 8

CONCLUSION,......................................... 8

# TABLE OF CASE"S

BEDFORD VS. A.G. OF ALABAMA,
934 F.2d 295 (11th. Cir. 1991),............................. 6

BOYKIN VS. ALABAMA,
23 L.ed.2d 274 (1969),................................. 5, 8

COLEMAN VS. ALABAMA,
827 F.2d 1469 (11th Cir. 1987),........................... 5, 7,

FOX VS. KELSO,
911 F.2d 563 (11th. Cir. 1990),........................... 7

HENDERSON VS. MORGAN,
49 L.ed.2d 108 (1976),................................ 7

ARDUE VS. BURTON,
26 F.3d 1093 (11th. Cir. 1994),........................... 6

RAINES VS. STATE,
294 Al. 360 (1975),.................................... 7

## TABLE OF AUTHORITIES

CODE OF ALABAM 1975; SECTION 15-19-1; 15-19-6,.............. 3, 5, 6, 7

U.S. CONSTITUTION,
AMENDMENTS 5th., 6th., and 14th.,.......................... 3, 5, 9

(2)

## ISSUES PRESENTED FOR REVIEW

(A)

THE CONSTITUTION OF THE STATE OF ALABAMA, 1901, AND THE CONSTITUTION OF THE UNITED STTAES UNDER THE 5th., 6th., and 14th. AMENDMENTS, REQUIRE A NEW SENTENCING PROCEEDING OR OTHER RELIEF:

1.) THIS HONORABLE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE THE SENTENCE.

2.) THIS HONORABLE COURT HAD A MANDATORY DUTY TO INFORM ALL AGE ELEIGIBLE DEFENDANTS OF THE PROVISIONS OF ALABAMA'S YOUTHFUL OFFENDER ACT: CODE OF ALABAMA, 1975 SECTION 15-19-1.

3.) THE PLEA ENTERED BY THE PETITIONER IS UNCONSTITUTIONAL AND THE SENTENCE IMPOSED BY THE COURT IS CLEARLY ILLEGAL, AND MUST BE HELD VOID.

4.) THE PLEA ENTERED BY THE PETITIONER WERE INVOLUNTARY AND MUST BE HEED VOID. THE TRIAL COURT FAILED TO INFORM HIM OF HIS RIGHT TO APPLY FOR CONSIDERATION OF ALABAMA'S YOUTHFUL OFF-ENDER ACT.

5.) THE PLEA ENTERED BY PETITIONER WAS CONSTITUTIONALLY INFIRM, THE TRIAL COURT FAILED TO ADVISE HIM OF THE SAFEGUARDS OF THE YOUTHFUL OFFENDER ACT, AND THE PLEA ENTERED BY THE PET-ITIONER MUST BE HELD VOID, AND IS CLEARLY ILLEGAL, AND MUST BE SET ASIDE.

## INTRODUCTION TO ARGUMENT

This Petition is challenging a conviction from this Honorable Court, in which a plea was entered without full knowledge and the consequences of such plea. This Petition stems from a 1982 conviction, in which the sentence has been served, and is ripe for review.

The State may wish to argue that this issue is precluded or past the limitation period, but on the contrary it is not. It has long been held that a jurisdictional issue claim is not precluded; nor barred by the limitation period. The Alabama Supreme Court has long held: " the issue of the Trial Court's lack of jurisdiction and unauthorized sentence's are excluded from the operation of the statute of limitations". Also when a sentence is clearly illegal or is not authorized by law or statute, the defendant need not object at trial level in order to preserve the issue. Jurisdictional issues are not subject to waiver and may be raised at anytime.

Also the State may wish to argue that the Petitioners conviction was obtained through a negotiated plea, which is true, but even though, a guilty plea does not waive a jurisdictional issue. This Honorable Court has subject matter jurisdiction to hear this Petition; and is ripe for review.

18

ARGUMENT

(A)

THE CONSTITUTION OF THE STATE OF ALABAMA 1901, AND THE CONSTITUTION OF THE UNITED STATES UNDER THE 5th., 6th., AND 14th. AMENDMENTS, REQUIRE A NEW SENTENCING PROCEEDING OR OTHER RELIEF:

1.) THIS HONORABLE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE THE SENTENCE.

It is well settled in the State of Alabama that a criminal defendant under the age of 21 must be informed of the provisions of Code of Alabama 1975, Section 15-19-1 herein known as the Youthful Offender Act of the State of Alabama (YOA), and if the Court fails to do so, the plea must be held invalid; and if the Court fails in it's mandatory obligation to inform age eligible defendants at the time of his plea, the Court does not have the jurisdiction to render judgment, nor to impose the sentence.

It is well established when a Court fails to explain the provisions of this Act, a plea of guilt must be held involuntary, and not made knowingly. To be valid, a guilty plea must be made voluntarily and with full knowledge of the consequences. BOYKIN VS. ALABAMA, 23 L.ed.2d 274. A plea of guilty "is a conviction" anything less than an "affirmative showing" that it was made intelligently and voluntarily amounts to plain error. COLEMAN VS. ALABAMA, 827 F.2d 1469.

It has also been held; " where a defendant is unaware of the Acts (YOA) provisions", his plea cannot be entered "with full knowledge as required by the Due Process clause of the U.S. Constitution"."(In order for a guilty plea to be entered knowingly ad intelligently, the defendant must have not only the mental competence to understand and appriciate the nature and consequences of his plea, but also must be reasonable informed of all

19

legal options available to him"). This Honorable Court failed to inform the Petitioner of his rights under the Youthful Offender Act....... His plea in this Honorable Court on March 18, 1982 must be held void, and the conviction must be vacated and set aside by this Honorable Court.

2.) THIS HONORABLE COURT HAD A <u>MANDATORY</u> <u>DUTY</u> TO INFORM ALL AGE ELIGIBLE DEFENDANTS OF THE PROVISIONS OF ALABAMA'S YOU-THFUL OFFENDER ACT: <u>CODE OF ALABAMA 1975, SECTION 15-19-1.</u>

Under Alabama's Youthful Offender Act (YOA), a Trial Court may choose to arraign a defendant as a"Youthful Offender", and thus apply a more lenient scheme of punishment, although this decision is within the Trial Courts discreation, the higher Courts have heldthat the Court nontheless has a "mandatory duty to 'inform eligible defendants of the [acts] provisions'". <u>PARDUE VS. BURTON,</u> 26 F.3d 1093; <u>BEDFORD VS. ATTORNEY GENERAL OF THE STATE OF ALABAMA,</u> 934 F.2d 295. The duty is imposed to ensure that the defendants is fully aware of what constitutional rights he is waiving and the effects of pleading guilty to the charge.

Where a defendant is unaware of the Acts provisions, his plea cannot be entered "with full knowledge as required by the Due Process clause of the U.S. Constition, and the Alabama Const-ition of 1901. In order for a guilty plea to be entered knowingly and intelligently, the defendant must have not only the mental competence to understand and appriciate the nature and consequ-ences of his plea, but he also must be reasonable informed of all legal options and alternatives that are available to him, such as the Youthfull Offender Act, the Court had a mandatory duty to do so. The Court failed in it's mandatory obligation to fully inform the Petitioner of his rights under the Youthful Offender Act; and his plea entered in 1982, cannot be held knowingly nd with full knowledge of the consequences of the plea. The plea must be held invalid and the conviction must be vacated.

3.) THE PLEA ENTERED BY THE PETITIONER IS UNCONSTITUTIONAL AND THE SENTENCE IMPOSED BY THE COURT IS CLEARLY ILLEGAL, AND MUST BE HELD VOID, AND MUST BE SET ASIDE BY THIS HONORABLE COURT.

The failure of the Trial Judge to inform a defendant of the provisions of the Youthful Offender Act renders the guilty plea involuntary and thus Constitutionally infirm. A claim that a plea was not knowing and voluntary because a defendant did not know of his full pleading alternatives may not be subject to harmless error analyis. The Court recoginezed in COLEMAN, SUPRA, it is irrelevant in such a case whether a defendant would have been sentenced as a Youthful Offender had he requested such treatrment. What is before the Court now is; the Court's failure to advise Mr. Byrd of his Constitutional Right to be treated as a Youthful Offender, and thus in doing so, Mr. Byrd's plea cannot be held knowingly, and the conviction is clearly illegal and must be held void, and must be set aside byt his Honorable ourt.

4.) THE PLEA ENTERED BY THE PETITIONER WERE INVOLUNTARY AND MUST BE HELD VOID. THE TRIAL JUDGE FAILED TO INFORM HIM OF HIS RIGHTS TO APPLY FOR CONSIDERATIONS OF ALABAMA'S YOUTHFUL OFFENDER ACT.

In FOX VS. KELSO, 911 F.2d 563, the FOX COURT held; " a defendant satisfies his threshold burden of showing that a guilty plea was obtained unconstitutionally when he demostrates that the Trial Court failed to advise him of his rights under the youthful Offender Act".

After a defendant demonstrates such a failure by the Trial Court, the burden shifts to the State to show that the defendant nonetheless has knowledge of the Acts protection. The State's showing must be based on affirmative evidence; to "presume waiver om a silent record is impermissible". The State must show that the plea was made voluntarlly and with complete understanding of all legal options vailable to him at the time of the plea; if the State fails to show defendant was aware of his options

21

plea must be vacated. <u>A silent record will not prevail.</u>

5.) THE PLEA ENTERED BY PETITIONER WAS CONSTITUTIONALL INFIRM
AND THE PLEA MUST BE HELD VOID, AND THE SENTENCE IS CLEARLY ILLEGAL,
AND MUST BE SET ASIDE.


Before a Judge can accept a defendants guilty plea, the
Judge must determine that the plea is made voluntarily and with
full knowledge of it's effect. " Several federal Constitutional
rights are involved in a waiver that takes place when a plea
of guilty is entered in a State criminal trial". <u>BOYKIN, SUPRA</u>.
In order to validly waive these Constitutional rights, the defendant
must be fully informed of what rights he is waiving and the effect
of pleading guilty to the charge. One of the most lasting effects
of a defendants plea of guilty is the type and term of sentence
he may receive and the lasting effects of that sentence.


<u>BOYKIN</u> stands for the proposition that a defendant is Consti-
tutionally entitled to have information concerning the range of
prescribed by the act to which he may be sentenced and the conseq-
uences of the conviction at the time he enters his plea. " The
standard was and remains whether the plea represents a voluntary
and intelligent choice among the alternative courses of action
open to the defendant".


One of the options available to Mr. Byrd of which he----
and apparently everyone else involved--- was unaware, was his
right to request "Youthful Offender consideration". With all
the benefits of the Youthful Offender Act, particulary the pri-
vilge of not being sentenced as an adult criminal, Mr. Byrd was
certainly entitled to know that he had the possibility of these
favorable options available to him.


The Alabama Courts have repeatedly imposed affirmative duty
ι the Trial Judge to inform eligible defendants of the provisions
of the Youthful Offender Act. The Alabama Supreme Court explained
"our statute requires that the determination to grant or refuse
"Youthful Offender" treatment made at a point near commencement

of the criminal action and before entry of a plea.... The first step that the Trial Court takes under the scheme of the Statute is to advise the defendant that he might be eligible for Youthful Offender treatment."

The Alabama Court have held this to be mandatory duty of the sentencing Judge befor accepting a plea of guyilty from a defendant eligible for Youthfull Offender treatment.

## CONCLUSION

Mr. Byrd was entitled to be advise of his eligibilty to request consideration for Youthful Offender treatment for his 1982 plea of guilt. The Trial Courts failure to perform it's mandatory duty under the Act to so inform Mr. Byrd violates his Federal Due process rights under the Fourteenth Amendment, and landates that his guilty plea be set aside.

Respectfully Submitted,

Curt Byrd.



| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | IN THE CIRCUIT COURT OF |
| | ) | DALE COUNTY, ALABAMA |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | CRIMINAL DIVISION |
| | ) | |
| CURT BYRD, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | CASE NO. CC-1982-57.60 |

## MOTION TO DISMISS DEFENDANT'S PETITION

COMES NOW State of Alabama in the above-styled cause and moves to dismiss Defendant's most recently filed petition and for grounds therefore state that Defendant's petition is precluded pursuant to Rule 32.2 (a), (b) and (c).

## RESPONSE TO RULE 32 PETITION

COMES NOW the State of Alabama in the above-styled cause and responds to the Petition as follows:

The Defendant did the following that resulted in his current imprisonment:

| CONVICTION | DISPOSITION DATE | SENTENCE |
|---|---|---|
| Burglary 3rd | 3/8/1982 | 2 Years |
| Rape 1st | 4/7/1984 | 99 Years |
| Kidnaping 1st | 4/7/1984 | 99 Years |

Basically the Defendant comes before this Court at this time wanting to set aside his Burglary 3rd conviction arguing that the Court was without jurisdiction to accept his plea of guilty due to his allegation that he was not informed of his rights under the Youthful Offender Act.

In *Hobbie* the Court said that the failure to advise a defendant of his right to request youthful offender treatment is not a matter involving subject matter jurisdiction and is one which may be waived by the failure to object; therefore, the failure to advise a defendant of his right to request youthful offender treatment is an issue which may be precluded by the expiration of the two-year limitations period of former A.R.Cr.P., Temp. Rule 20.2(c). *Hobbie v. State*, 564 So.2d 97 (Ala.Crim.App.1990).

In *Gordon* the Court said that the failure to inform goes to voluntariness of guilty plea, not court's jurisdiction. The failure to inform an age-qualified defendant of his right to apply for youthful offender treatment goes to the voluntariness of the guilty plea, not to the jurisdiction of the trial court. The question of the voluntariness of a guilty plea in a failure-to-advise case may be raised upon direct appeal or it may be raised collaterally if it is raised within the limitations period of A.R.Cr.P., Rule 32.2(c). *Gordon v. Nagle*, 647 So.2d 91 (Ala.1994), answer to certified question

24

conformed to 19 F.3d 640, *certiorari denied* 115 S.Ct. 259, 513 U.S. 901, 130 L.Ed.2d 179.

In *Pardue* the Court said that the failure of the trial court in to expressly advise appellant of the provisions of the Youthful Offender Act, in view of petitioner's conviction for murder and indictment for two additional murders while on probation for a conviction of burglary; and the statement of the trial court that had the request been renewed in the present case, it would have been denied, did not result in prejudice to appellant, and if indeed it constituted error, it was error without injury. *Pardue v. State*, 566 So.2d 502 (Ala.Crim.App.1990).

Based on the foregoing, the State respectfully requests that the Defendant's petition be denied.

**DATED** this the 5th day of March, 2007.



William H. Filmore
Chief Assistant District Attorney
P.O. Box 1688
Ozark, AL 36361
(334) 774-9500

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has forwarded a copy of the foregoing Response on the Defendant, Curt Byrd, to his proper address of AIS #00131190, Staton Correctional Facility, P.O. Box 56, Elmore, AL 36025, via U.S. Mail, proper postage prepaid, this the 5th day of March, 2007.

Chief Assistant District Attorney

FILED
DALE COUNTY, AL

7 2007

MARY BLUDSWORTH
CIRCUIT CLERK

25

IN THE CIRCUIT COURT
OF DALE, COUNTY

CURT BYRD,                          *
      PETITIONER,                *
                           *
                           *
VS.                                 *
                           *     CASE NO CC-1982-57.60
                           *
STATE OF ALABAMA,                   *
      PLAINTIFF.                 *

## NOTICE OF APPEAL

    Notice is hereby given that the Petitioner Curt Byrd,
will APPEAL the denial of the Rule 32 Petition, of March 6, 2007.

                      Respectfully Submitted,

                      *Curt Byrd*



FILED
DALE COUNTY, AL
MAR 2 6 2007
MARY BLUDSWORTH
CIRCUIT CLERK

ted: 3-19-07
c.c.: Court of Appeals

IN THE CIRCUIT COURT
OF DALE, COUNTY

CURT BYRD,                    *
      PETITIONER,        *
                  *
                  *
VS.                          *        CASE NO.CC-1982-57.60
                  *
STATE OF ALABAMA,            *
      PLAINTIFF.         *

## MOTION TO RECUSE

Comes now the Petitioner, Curt Byrd, in the above styled cause, and moves this Honorable Court under Rule 32.6 (d) Alabama Rules of Criminal Procedures, and moves this Court to RECUSE e Honorable Judge P.B. McLauchlin from this action. Petitioner will show the following:

1.) The Honorable Judge McLauchlin was the sentencing Judge in this action in 1982.

2.) The Honorable Judge McLauchlin will be called as a witness and will give testimony and evidence, so therefore he can not hear this action, and offer testimony.

3.) Good cause is shown and Judge McLauchlin should recuse himself from this action.

4.) This Court should remove the Honorable Judge McLauchlin from this action.

Wherefore for the foregoing Judge McLauchlin should ove himself from this action.

FILED
DALE COUNTY, AL
MAR 2 6 2007
MARY BLUDSWORTH
CIRCUIT CLERK

Respectfully Submitted,

*Curt Byrd*

Dated: 3-19-07

27

IN THE CIRCUIT COURT
OF DALE, COUNTY

CURT BYRD,
   PETITIONER,

VS.          CASE NO. CC-1982-57.60

STATE OF ALABAMA,
    PLAINTIFF.

## MOTION TO RECONSIDER

Comes now the Petitioner, Curt Byrd, and moves this Court to reconsider it's ORDER of March 6, 2007 denying Petitioners Rule 32 Petition, the Petitioner will show the Court the following:

1.) The issues now before this Court is not precluded under Rule 32.2 (a) (b) or (c).

2.) The Court erred by not allowing the Petitioner the time in which to reply to the States Motion to Dismiss.

3.) The Court erred in Granting the States Motion to Dismiss without making a complete findings of fact.

4.) The Court erred by summarily dismissing the Petitioners Rule 32 Petition, by not stating the reasons why the Petition was dismissed.

5.) The Court erred by allowing Judge P.B. McLauchlin to sit on the Bench in this action.

For the above reasons, this action should be allowed to go forward, Petitioner should be given ample time to file a reply in this action, and this action should be placed in another Court.

FILED
DALE COUNTY, AL
MAR 2 6 2007
MARY BLUDSWORTH
CIRCUIT CLERK

28

AC-371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF DALE COUNTY
STATE OF ALABAMA VS BYRD CURT                    JUDGE: P. B. MCLAUCHLIN

---
APPEAL DATE: 03/26/2007

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT: _____ X _____ YES _____ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: _____ YES _____ X _____ NO
INDIGENT STATUS REVOKED ON APPEAL: _____ YES _____ X _____ NO
INDIGENT STATUS GRANTED ON APPEAL: _____ X _____ YES _____ NO

DEATH PENALTY: NO

---
APPEAL TYPE: RULE 32 PETITION

---
THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 26/CC 1982 000057.60

ORDER ENTERED(DATE): 03062007 PETITION: X DISMISSED _____ DENIED _____ GRANTED

---
POST-JUDGMENT MOTIONS FILED:          DT FILED        DT DENIED       CON BY AGREE
_____ MOTION FOR NEW TRIAL           _____         _____         _____
_____ MOTION FOR JUDG. OF ACQUIT     _____         _____         _____
_____ MOTION TO W/D GUILTY PLEA      _____         _____         _____
_____ MOTION FOR ATTY TO W/DRAW      _____         _____         _____
_____ OTHER                          _____         _____         _____

---
COURT REPORTER(S):                   _____
ADDRESS:                             _____

APPELLATE COUNSEL #1:                _____
ADDRESS:                             PRO SE

PHONE NUMBER:                        000-000-0000     '      00000
EMAIL ADDRESS:

APPELLATE COUNSEL #2:                _____
ADDRESS:                             _____

PHONE NUMBER:                        _____
EMAIL ADDRESS:                       _____

APPELLANT (PRO SE):                  BYRD CURT
ADDRESS:                             AIS# 131190
                                     ELMORE            ,  AL  360250000
AIS #:

APPELLEE (IF CITY APPEAL):           _____
ADDRESS:                             _____
                                     _____

---
I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                    OPERATOR: SHS
KNOWLEDGE AND I HAVE SERVED A COPY OF           PREPARED: 03/27/2007
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 21 DAY OF March, 2007

CIRCUIT COURT CLERK

y DA/ Ctg Crim Appls/ Atty Gen
R4

29

# IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ] | |
| PLAINTIFF, | ] | |
| VS. | ] | CASE NO:  CC-1982-57.60 |
| CURT BYRD, | ] | |
| DEFENDANT. | ] | |

## ORDER

This cause coming on to be heard is submitted for a ruling on the motion for reconsideration filed by the Defendant and the Court having considered the same, the court finds as follows:

Assuming that the court did not inform the Defendant that he was eligible to apply for youthful offender in case CC-1982-057, the Defendant would not be entitled to the ruling prayed for in his petition.

In Gordon v. Nagle, 647 So. 2nd 91 (Ala. 1994), that Alabama Supreme Court held as follows:

"Failure to inform as age qualified Defendant of his right to apply for youthful offender statute does not deprive the trial court of jurisdiction to enter a guilty plea, such that a subsequent challenge to that conviction cannot be barred by the limitation period."

"Failure to inform of the right to apply for youthful offender treatment goes to the voluntariness of the plea and not to the jurisdiction of the trial court.  The question of the voluntariness of the guilty plea in a failure to advise case may be raised by direct appeal

or it may be raised collectively under Rule 32 if it is raised within the limitation period of

Rule 32.2 (c), A.R. Crim. P."

The question was not raised within the limitation period.

Therefore the Motion of Reconsideration is hereby denied.

This, the _22nd_ day of April, 2007.



P. B. McLAUCHLIN, JR., JUDGE
33RD JUDICIAL CIRCUIT
DALE COUNTY, ALABAMA

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:    3/06/07 |
|---|---|
| APPELLANT<br><center>Curt Byrd</center> | |
| v. STATE OF ALABAMA | |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of __32__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___18th___ day of _____April_____ , ___2007___ .


<div align="right">

MARY BLUDSWORTH
_____
Circuit Clerk

</div>

IN THE COURT OF CRIMINAL APPEALS

*Attorney Generals Copy*

FILED

MAY - 9 2007

CLERK
ALA COURT CRIMINAL APPEALS

CURT BYRD,
        APPELLANT,


VS.

CRIMINAL APPEALS NO. CR-06-1076

STATE OF ALABAMA,
        APPELLEE.

---

ON APPEAL FROM THE CIRCUIT COURT
OF DALE COUNTY, ALABAMA
( CC-82-57,60 )

---

BRIEF AND ARGUMENT OF APPELLANT

---

IN REPRESENTATION OF HIMSELF
THE APPELLANT



EXHIBIT
C

# TABLE OF CONTENTS

PAGE NO.

TABLE OF CONTENTS,............................................... i

TABLE OF CASES,................................................ ii

STATEMENT OF CASE AND FACTS,................................... 1

STATEMENT OF THE ISSUES PRESENTED,............................. 2

STANDARD FOR REVIEW,.......................................... 3

SUMMARY OF THE ARGUMENT,...................................... 4

ARGUMENT,..................................................... 5

CONCLUSION,...................................................

CERTIFICATE OF SERVICE,.......................................

# TABLE OF CASES

**PAGE NO.**

BEDFORD VS. ATTORNEY GENERAL,
934 F.2d 295............................................... 6


BOYKIN VS. ALABAMA,
23 L.ed 2d 274............................................. 5


COLEMAN VS. ALABAMA,
827 F.2d 1469............................................. 5


EX PARTE ADKINS,
687 So.2d 155............................................ 8


FOX VS. KELSO,
911 F.2d 563............................................. 7


PARDUE VS. BURTON,
26 F.3d 1093............................................. 6


CANONS OF JUDICIAL ETHICS CANON 3 (C) (1)................ 8

## STATEMENT OF THE CASE AND FACTS

This Appeal is from a denial of a Rule 32 Petition A.R.Cr.P., challenging a conviction from 1982, in the Dale County Circuit Court, the Appellant was a 19 year old at the time of the conviction. The Appellant entered a plea of guilt, but was never informed of his rights under Alabama's Youthful Offender Act (YOA), so therefore the plea was entered without full knowledge of all possible sentencing options, the plea was made involuntarily, and must be held void, and such conviction must be reversed by the Court.

## ISSUES PRESENTED FOR REVIEW

1.) THE PLEA WAS NOT MADE KNOWINGLY AND VOLUNTARILY, THE
APPELLANT DID NOT KNOW OF HIS FULL RANGE OF PLEADING ALTERNATIVES.


2.) THE APPELLANT WAS NOT PROPERLY INFORMED OF HIS RIGHT TO
REQUEST YOUTHFUL OFFENDER TREATMENT.

3.) THE TRIAL COURT FAILED IN IT'S MANDATORY DUTY TO INFORM ALL
AGE ELIGIBLE DEFENDANTS OF HIS RIGHTS UNDER DUE PROCESS OF HIS
RIGHTS TO REQUEST YOUTHFUL OFFENDER TREATMENT.

4.) THE FAILURE OF THE TRIAL JUDGE TO INFORM A DEFENDANT OF THE
PROVISIONS OF THE YOUTHFUL OFFENDER ACT RENDERS A GUILTYPLEA
INVOLUNTARY AND THUS CONSTITUTIONALLY INFIRM.

5.) THE SAME JUDGE WHO DENIED HIM RULE 32 PETITION A.R.Cr.P.,
IS THE SAME JUDE WHOIFAILED TO INFORM THE APPELLANT OF HIS
RIGHT TO APPLY FOR YOUTHFUL OFFENDER TREATMENT.

## STANDARD FOR REVIEW

When reviewing the denial of a Rule 32 Petition, this Court uses the abuse of discreation standard of review. Also when an Appellant Court is presented with pure questions of Law, that Courts review in a Rule 32 proceeding is de novo.

## INTRODUCTION TO ARGUMENT

The Trial Court improperly denied the Appellants Rule 32 Petition without an Evadentiary Hearing. The Appellant asked the Court to recuse Judge P.B. McLaughlin, he will be required to give Evidence and Testimony because of his failure to explain the benifits of the Youthful Offender Act to the Appellant, when he sentenced the Appellant in 1988.

(4)

## ARGUMENT

C

1) THE PLEA WAS NOT MADE KNOWINGLY AND VOLUNTARILY, THE APPELLANT DID NOT KNOW OF HIS FULL RANGE OF PLEADING ALTERNATIVES.

It is well settled in the State of Alabama that a criminal Defendant under the age of 21 must be informed of the provisions of CODE OF ALABAMA 1975, SECTION 15-19-01, herein known as the YOUTHFUL OFFENDER ACT OF THE STATE OF ALABAMA (YOA), and if the Court fails to do so, the plea must be held invalid; and if the Court fails in it's mandatory obligation to inform age eligible Defendants at the time of the plea, the Court does not have thew jurisdaition to render judgment, nor to impose the sentence.

When a Court fails to explain the provisions of this Act, a plea of guilt must be held involuntary, and not made knowingly. To be valid, a guilty plea must be made voluntarily and with full knowledge of the concequences to the plea made, and must be informed of all pleading alternatives, " a plea of guilty is a conviction, and anything less than an affirmative showing that it was intelligently and voluntarily amounts to plain error. BOYKIN VS. ALABAMA, 23 Led.2d 274, and COLMAN VS. ALABAMA, 827 F.2d 1469.

It has been held: "where a defendant is unaware of the Acts (YOA) provisions", his plea cannot be entered with full knowledge as required by the Due Process Clause, "in order for a guilty plea to be entered knowingly and intelligently, the defendant must have all sentencing alternatives, and punishments explained to him, if the Court fails to do there mandatory obligation, then the plea cannot be held to be made with a full understandings and appriciate the nature and consequence of his plea. The Honorable Court failed in it's duty to pretect the defendants rights to Due Process, and the plea must be vacated.

(5)

2) THE APPELLANT WAS NOT PROPERLY INFORMED OF HIS RIGHT TO REQUEST
YOUTHFULL OFFENDER TREATMENT: THE APPELLANT WAS NEVER INFORMED BY
COUNSEL OR THE COURT, OF HIS RIGHT (MANDATORY) TO HAVE THE PROVISIONS
OF THE YOUTHFULL OFFENDER ACT APPLIED TO HIM.

The Circuit Court of Dale County had a mandatory duty to inform
the Defendant of the provisions of Alabama's YOUTHFULL OFFENDER ACT:
CODE OF ALABAMA, 1975 SECTION 15-19-01. The Circuit Court failed
to do so when it accepted the plea, the Court failed in it's protective
order to protect the Appellant.

Under Alabama's YOUTHFULL OFFENDER ACT (YOA), a Trial Coputt
may choose to arraign aa defendant as a Youthfull Offender, and
thus apply a more lenient scheme of punishment, although this dec-
ision is within the Trial Courts discretion,  but nonetheless the
Trial Court must inform the defendant of the Acts  provisions, in
fact the Court has a mandatoiry duty to "inform" all eligible defe-
ndants of the [acts] provisions". PARDUE VS. BURTON, 26 F.3d 1093;
BEDFORD VS. ATTORNEY GENERAL OF THE STATE OF ALABAMA, 934 F.2d 295.
The duty is imposed to ensure that the defendants is fully aware
of what Constitutional Rights he is waving, and the effects of ple-
ading guilty to the charge.

When a defendant is unaware of the Acts provisions, his plea
cannot be entered "with full knowledge as required by the Due Process
Clause of the U.S. Constitution, and the 1901 Alabama Constitution.
In order for a guilty plea to be entered knowingly and inteligently,
the defendant must have not only the mental competence to understand
and appriciate the nature and consequences of the plea, but he also
must be informed of all legal options and alternatives that are
available to him such as the Youthfull Offender Act. The Court failed
in it's mandatory duty to fully inform the defendant of all available
options open to him. His plea entered in 1982 cannot be held valid.

(6)

3) THE TRIAL COURT FAILED IN IT'S MANDATORY DUTY TO INFORM THE APPELLANT OF THE YOUTHFULL OFFENDER ACT.

In <u>FOX VS. KELSO, 911 F.2d 563 the</u> FOX Court held: "a defendant satisfies his threshhold burden of showing that a guilty plea was obtained unconstitutionally when he demostaates that the Trial Court faildd to advise him of his rights under the Youthful Offender Act.

After a defendant demonstartes such a failure by the Trial Court, the burden shifts to the Syaateto show that defendant notetheless has knowledge the Acts provisions. The State's showing must be based on affirmative evidence; "to presume waiver from a silent record is impermissbbe", the State failed in it's efforts to disprove such. A silent record will not prevail. The sentence and conviction must be vacated by the Court.

4) THE FAILURE OT THE TRIAL JUDGE TO INFORM A DEFENDANT OF THE PROVISIONS OF THE YOUTHFUL OFFENDER ACT RENDERS A GUILTY PLEA INVOLUNTARY, AND THUS CONSTITUTIONALLY INFIRM.

Before a Judge can accept a defendants guilty plea, the Judge must determine that the plea is made voluntarily and with full knowledge of it's effect. Several factors come into play, first and foremost is that defendant is fully informed all available sentencing options that are involved, such as the Youthful Offender Act, he must be informed of the correct minimun and maximun range of punishment, and what rights he is waiving once he enters such plea.

The one option available to the defendant the Court failed to explain to the Appellant was his right to ask to be considered as anYouthful Offender Act. The Alabama Courts have repeatedly imposed affirmative duty on the Trial Judge to inform eligible defendants of the provisions of the Act, the **Alabama** Supreme **Court** explained; "<u>statute requires that all eligibile defendants must be informed of the options of Alabama's **Youthfull Offender** Act.</u>"

(7)

5) THE TRIAL JUDGE SHOULD HAVE RECUSED HIMSELF FROM HEARING THE RULE 32 PETITION, BECAUSE HE WILL BE REQUIRED TO GIVE TESTIMONY AS TO WHY HE FAILED TO INFORM THE DEFENDANT IN 1982 TO THE PROVISIONS OF ALABAMA'S YOUTHFUL OFFENDER ACT.

The Appellant will show under <u>CANON 3 (C) (1)</u> of the CANONS OF JUDICIAL ETHICS provides " A Judge should disqualify himself in a proceeding in which his impartiality might beasonably be questioned. The Trial Judge will be required to give Testimony and to offer evidence as to why he failed to inform the Appellant of the Youthfull Offender Act. The Trial Court should have recused himself from this proceeding, the Trial Judge cannot be required to give testimony and hear the action before the Court. <u>EX PARTE ADKINS, 687 So.2d 155.</u>

## CONCLUSION

In conclusion, this Court should vacate the Courts ORDER dismissing the Appellants Rule 32 Petition, reverse the ORDER and enter an ORDER directing Dale County to hold an Evidentiary Hearing on this Rule 32 proceeding.

Respectfully Submitted,

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a true and correct copy of the Brief upon the Clerk Alabama Court of Criminal Appeals, and upon the Attorney General of the State of Alabama, by placing the same in the U.S. Mail postage pre-paid this the _9th_ day of May, 2007.

(8)

CR-06-1076

*In the COURT of CRIMINAL APPEALS
of ALABAMA*

———————————◆———————————

CURT BYRD,

*Appellant,*

v.

STATE OF ALABAMA,

*Appellee.*

———————————◆———————————

*On Appeal from the Circuit Court of
Dale County
(CC-82-57.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

P. David Bjurberg
Assistant Attorney General

James B. Prude
Assistant Attorney General
Counsel of Record*

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300*
jprude@ago.state.al.us

June 7, 2007


EXHIBIT
D
PENGAD-Bayonne, N.J

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe that oral argument will materially assist the Court in deciding the issues presented in this case.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ......................... i

TABLE OF CONTENTS ....................................... ii

TABLE OF AUTHORITIES .................................... iii

STATEMENT OF THE CASE ..................................... 1

ISSUE PRESENTED FOR REVIEW ............................... 2

STATEMENT OF THE FACTS ................................... 3

STATEMENT OF THE STANDARD OF REVIEW ...................... 3

SUMMARY OF THE ARGUMENT .................................. 4

ARGUMENT ................................................. 4

  The Trial Court Properly Denied Review Of Byrd's
  Petition Because It Was Filed Outside The One-Year
  Limitation Period ...................................... 4

CONCLUSION ............................................... 7

CERTIFICATE OF SERVICE ................................... 8

## TABLE OF AUTHORITIES

**Cases**

Gordon v. Nagle, 647 So. 2d 91 (Ala. 1994) . . . . . . . . . . . . . . . 6

**Rules**

ARCrP,

   Rule 32.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF THE CASE

Petitioner, Curt Byrd, filed this Petition For Relief From Conviction Or Sentence Pursuant To Rule 32 of the Alabama Rules of Criminal Procedure in the Dale County Circuit Court on February 5, 2007, challenging his conviction for third degree burglary obtained in that court on March 18, 1982. (C. 6, 23) Byrd alleged that this conviction was obtained by guilty plea and that he did not appeal from the entry of judgment. (C. 6, 7)

Byrd alleged that his conviction was obtained by way of a guilty plea that was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea. (C. 10)   In the brief filed in support of the petition, Byrd alleged that the trial court was without jurisdiction to render the judgment or to impose the sentence because the court had a mandatory duty to inform him that he was eligible for consideration as a Youthful Offender. (C. 17) He also alleged that the plea he entered was unconstitutional and the sentence imposed by the court was clearly illegal and void.   Byrd further alleged that the guilty plea was involuntary because the trial court failed to inform him of

his right to apply for consideration as a youthful offender. He further alleged that the plea was involuntary because the trial court failed to advise him of the safeguards of the Youthful Offender Act. (C. 17)

On March 5, 2007, the State filed a Motion to Dismiss and alleged that Byrd's claim that the trial court failed to advise him of his right to request youthful offender treatment did not constitute a jurisdictional matter and the claim was precluded by the two-year limitation period contained in Rule 32.2(c) of the Alabama Rules of Criminal Procedure. (C. 24, 25)

On March 6, 2007, Circuit Judge P. B. McLauchlin, Jr., granted the State's Motion to Dismiss on the grounds stated in the motion. (C. 1)

On March 26, 2007, Byrd filed a Notice of Appeal. (C. 26)

## ISSUE PRESENTED FOR REVIEW

Did the trial court properly deny relief on Byrd's petition where it filed outside the one-year limitation period?

2

## STATEMENT OF THE FACTS

The Statement of the Case contains essentially the facts of the proceedings in the trial court. The Statement of the Case is hereby adopted as the Statement of the Facts.

## STATEMENT OF THE STANDARD OF REVIEW

The standard of review is whether the trial court abused its discretion by denying the petition. "The standard of review on appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition." Strickland v. State, 771 So. 2d 1123, 1125 (Ala. Crim. App. 1999), citing Ex parte Heaton, 542 So. 2d 931 (Ala. 1989).

## SUMMARY OF THE ARGUMENT

The trial court properly denied review of this petition because it was filed outside the one-year limitation period.

## ARGUMENT

**The Trial Court Properly Denied Review Of Byrd's Petition Because It Was Filed Outside The One-Year Limitation Period.**

Byrd alleged in the petition that his 1982 guilty plea to third-degree burglary charge was invalid because the plea was involuntarily entered. He alleged that the plea was involuntarily entered because the trial court failed to advise him that he could request youthful offender treatment on the charge. (C. 19-23)  In its Response to Byrd's petition, the State alleged that Byrd's petition was barred by the one-year limitation period contained in Rule 32.2(c) of the Alabama Rules of Criminal Procedure. (C. 24-25) The trial court  found that the petition was time-barred under Rule 32.2(c), as alleged by the State, and dismissed the petition (C. 1) The trial court's denial of

4

relief is due to be affirmed because this petition is barred by the limitation period.

Rule 32.2(c) of the <u>Alabama Rules of Criminal Procedure</u> provides:

> (c) Limitations Period.  Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed:  (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P.;  or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses.  The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable one-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the one-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987.

Byrd's conviction was obtained on either March 18, 1982 or March 8, 1982. (C. 6, 24) This petition was filed on February 5, 2007. (C. 3) Clearly, the one-year period expired before this petition was filed.

5

Byrd's claim that his guilty plea was involuntary because the trial court failed to advise him of the right to request youthful offender treatment is not a jurisdictional claim and he was required to raise it before the limitations period expired. His claim is precluded from review because he failed to timely raise in a Rule 32 petition.

In Gordon v. Nagle, 647 So. 2d 91 (Ala. 1994), the court held that a claim regarding the failure of the trial court to advise a defendant of the right to request youthful offender treatment went to the voluntariness of the plea and did not raise any valid challenge to the jurisdiction of the court to accept a plea to the charged offense. The court further stated that a defendant could raise a claim regarding an involuntary guilty plea in a Rule 32 petition, but the petition had to be filed within the two-year (now one-year) limitation period. "The failure to inform an age-qualified defendant of his right to apply for youthful offender treatment goes to the voluntariness of the guilty plea, not to the jurisdiction of the trial court. The question of the voluntariness of a guilty plea in a failure-to-advise case may be raised upon direct

6

appeal or it may be raised collaterally under Rule 32 if it is raised within the limitations period of Rule 32.2(c), A.R.Crim.P." Id. at 96.

## CONCLUSION

Because Byrd's claim is not jurisdictional, the trial court properly denied review of the claim on the period of limitation defense that was raised in the State's response to the petition. The trial court's denial of the petition is due to be affirmed.

Respectfully submitted,

Troy King
*Attorney General*

_____

James B. Prude
*Assistant Attorney General*

7

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of June, 2007, I served a copy of the foregoing on Byrd, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

>Curt Byrd
>AIS# 131190
>Staton Correctional Facility
>P.O. Box 56
>Elmore, Al 36016-0767

<div style="text-align: right;">

_____
James B. Prude
Assistant Attorney General

</div>

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
278794/107022-001

8

appeal or it may be raised collaterally under Rule 32 if it is raised within the limitations period of Rule 32.2(c), A.R.Crim.P." Id. at 96.

## CONCLUSION

Because Byrd's claim is not jurisdictional, the trial court properly denied review of the claim on the period of limitation defense that was raised in the State's response to the petition. The trial court's denial of the petition is due to be affirmed.

Respectfully submitted,

Troy King
*Attorney General*


/s/James B. Prude
James B. Prude
*Assistant Attorney General*

7

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of June, 2007, I

electronically filed the foregoing and served a copy on

Byrd, by placing the same in the United States Mail, first

class, postage prepaid and addressed as follows:

> Curt Byrd
> AIS# 131190
> Staton Correctional Facility
> P.O. Box 56
> Elmore, Al 36016-0767

> /s/James B. Prude
> James B. Prude
> Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
278794/107022-001

8

rel08/24/07
Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

| | |
|---|---|
| **PAMELA W. BASCHAB** | **Lane W. Mann** |
| **Presiding Judge** | **Clerk** |
| **H.W."BUCKY" McMILLAN** | **Gerri Robinson** |
| **GREG SHAW** | **Assistant Clerk** |
| **A. KELLI WISE** | **(334) 229-0751** |
| **SAMUEL HENRY WELCH** | **Fax (334) 229-0521** |
| **Judges** | |

## MEMORANDUM

CR-06-1076                    Dale Circuit Court CC-82-57.60

<u>Curt Byrd v. State of Alabama</u>

Baschab, Presiding Judge.

In March 1982, the appellant pled guilty to third-degree burglary, and the trial court sentenced him to serve a term of two years in prison. He did not appeal his conviction. On February 5, 2007, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.

### I.

The appellant argues that the trial court did not have jurisdiction to accept his guilty plea. Specifically, he contends that he did not knowingly and voluntarily enter his guilty plea because the trial court did not advise him that he had the right to request youthful offender treatment. Although he couches his claim in jurisdictional terms, it is



actually a nonjurisdictional claim that is time-barred.  <u>See</u>
Rule 32.2(c), Ala. R. Crim. P.; <u>Gordon v. Nagle</u>, 647 So. 2d 91
(Ala. 1994).  Because the appellant's claim was precluded, the
circuit court properly summarily dismissed his petition.  <u>See</u>
Rule 32.7(d), Ala. R. Crim. P.

<div align="center">II.</div>

The appellant also argues that the circuit judge should
have recused himself because he was the judge who did not
advise him of his right to request youthful offender treatment
and because the judge would be required to testify as to why
he did not advise him of his right to request youthful
offender treatment.  However, as we stated in Part I of this
memorandum, the appellant's claim that the judge did not
advise him of his right to request youthful offender treatment
was precluded.  Because that claim was precluded, the judge
was not required to conduct a hearing on that claim and was
not required to testify as a witness.  Therefore, the
appellant's argument is without merit.

For the above-stated reasons, we affirm the circuit
court's judgment.

**AFFIRMED.**

McMillan, Wise, and Welch, JJ. concur; Shaw, J., concurs
in the result.

# IN THE SUPREME COURT OF ALABAMA

*107022*
*Rule*



November 9, 2007

**1070041**

Ex parte Curt Byrd.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Curt Byrd v. State of Alabama)   (Dale Circuit Court: CC82-57.60; Criminal Appeals : CR-06-1076).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

STUART, J. -  Cobb, C.J., and Lyons, Bolin, and Murdock, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the Instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this ___9th___ day of ___November,  2007___

*Robert D Esdale, Sr*

**Clerk, Supreme Court of Alabama**



EXHIBIT
**F**

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-06-1076**

Curt Byrd v. State of Alabama  (Appeal from Dale  Circuit Court: CC82-57.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on August 24th 2007:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 14th day of November, 2007.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Philip B. McLauchlin, Jr., Circuit Judge
Hon. Mary Bludsworth, Circuit Clerk
Curt Byrd, Pro Se
James B. Prude, Asst. Atty. Gen.

EXHIBIT
G