IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CURT BYRD, ) | |
| # 131190, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 1:07cv1026-WKW |
| ) | [WO] |
| LEON FORNISS, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed by state inmate Curt Byrd ("Byrd") on November 20, 2007.[1] Byrd challenges a conviction for third-degree burglary entered against him by the Circuit Court of Dale County, Alabama, on March 18, 1982. That same date, Byrd was sentenced to two years in prison. He did not take a direct appeal. His conviction was therefore final by operation of law on April 29, 1982.

In accordance with the orders of this court, the respondents have filed an answer in which they argue that Byrd's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1), because Byrd failed to

---

[1] Although the petition was date-stamped "received" in this court on November 21, 2007, it was signed by Byrd on November 20, 2007. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Byrd] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

file the petition within the one-year "grace period" allowed in this circuit.[2] The respondents specifically assert that because Byrd's conviction was final in 1982 – well before the effective date of the AEDPA – he had until April 24, 1997, to file a timely § 2254 petition, as he filed no state post-conviction petition challenging his conviction during the running of the limitation period. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). The respondents acknowledge that Byrd filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in Fe2007. However, the respondents maintain that this action has no impact on the running of the limitation period contained in 28 U.S.C. § 2244(d)(1), as the Rule 32 petition was filed and adjudicated by the state courts well after the federal limitation period had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Upon review of the pleadings and evidentiary materials filed in this case, it appears that Byrd failed to file his § 2254 petition within the time allowed by applicable federal law. Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court of Dale County imposed the sentence for the state conviction challenged by Byrd on March 18, 1982. Byrd not file an appeal. Because he failed to undertake the direct appeal process, he was not entitled to petition the

---

[2]Subsection (d) of 28 U.S.C. § 2244 was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

United States Supreme Court for review of his conviction. By operation of law, then, his conviction became final on April 29, 1982 – 42 days after imposition of sentence – as that was the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).

In light of the foregoing, it is clear that Byrd's conviction became final before enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in § 2244(d)(1)(A) would have expired in 1983. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Byrd], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman*, 151 F.3d at 1337]." *Wilcox*, 158 F.3d at 1211. The Court has further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is "one year from the AEDPA's effective date." *Id*.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Byrd filed a state post-conviction petition in February 2007, that petition did not toll the one-year period of limitation applicable to the instant action, as the state petition was filed well after the one-year federal limitation period has expired. This court concludes, therefore, that the time allowed Byrd for filing a federal habeas petition expired

3

on April 24, 1997.

Byrd did not file his federal habeas petition until November 20, 2007 – over 10 years after expiration of the reasonable time period afforded to him under applicable law. Accordingly, it is

**ORDERED that on or before February 21, 2008**, Byrd shall show cause why his federal habeas petition should not be dismissed as it was not filed within a reasonable time after enactment of the AEDPA.

Done this 31st day of January, 2008.


                    /s/Susan Russ Walker
                    SUSAN RUSS WALKER
                    UNITED STATES MAGISTRATE JUDGE