IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISON

CURT BYRD,
#131190
           Petitioner,

vs

LEON FORNISS,
WARDEN, etal.,
           Respondents

CIVIL ACTION NO.
1:07-cv-1026-WKW

### RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

    Comes now the Petitioner Curt Byrd to respondned to the Court's Order to Show Cause. Petitioner prays this Honorable Court hold in abeyance any decision on this response until the accompanying Motions can be heard and ruled upon. The Motion for Appointment of Counsel woulc bear heavily oin a possible supplement to this response.

    If Counsel is apOponted in this cause a further extension of time would obviously be needed as the skills of the Petitioner are no match for that of the State of Alabama.

    Petitioner being lacking in formal education and legal knowledcge prays this Honorable Court show much discretion and latitude in reading and rruling on this show cause response.

    The Petitioner in the instant cause brought a Rule 32 under Alabama law regarding no notification of Youthful Offender Status by the Trail Court Judge.. While this may be deemed a procedural issue and therefore time barred, it also goes to the question of Illegal Sentce.

The a;rgument raised in the R32 was that without proper notification of the YOA the petitioner entered an invoiluntary guilty plea which not only created an illegal sentence but the Trial Court Judge in accepting an involuntary plea of guilt caused a manifest injustice by allowing the Court to illegally sentence the Petitioner..

An involuntary plea of guilt is contrary to Alabama law, the Alabama Constition, and the United Sates Constition. Further under Alabama law an illegal sentence may be raised at any time . Since an involuntary guilty plea that is accepted bty the Trail Courtcreates an illegal sentence the Trial Court Judge should not have accepted the plea by the Petitioner and in accepting the involuntqary plea of guilt the Judge under Alabama law created a manifest injustice.  Both illegal sentences and actions which cause mainifest injuistices can be raised at any time.

While it seems to be clear at this point in time the the AEDPA does  time bar most petitions of habeas corpus that ar e past the one year period it does not seem to be a just argument  to time bar a legal issue such as  the instant case which being a legal challenge based on a cliam of illegal sentence and manifest injustice which can be raised at any time under Alabama law.
Disallowing Habeas Corpus Petitions on Rule 32 Illegal sentence or oher issues which cannot be time barred and can be raised at any time does not seem to the petitioner to be in logical or in the interest of dispensing fair jussstice.

The petitoiner prays this Honorable Court also consider that the respondent failed to counter the allegations as raised by the petitioner in his Havbeas petition.  The only argued time bar under AEDPA WHICH RUNS COUNTER TO THE INTENT OF rule XXXXX  5(B)

**The** Petitioner prays this Honorab le Court rule in favor of the Petitioner in the instant case and order the Petition for~~xxxxx~~ Habeas Corpus to proceed and the petitioner also prays the Court grant the accompanying motions so that the petitioner may have his day in court.

_____
CURT BYRD